UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CERTIFIEDSAFETY, INC.,<br><br>    Defendant. | Case No. 17-cv-02229-EMC<br><br>**RELATED TO**<br><br>Case No. 18-cv-04379-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED COMPLAINT**<br><br>Docket No. 164 |
| MARCELLOUS ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>CERTIFIEDSAFETY, INC., et al.,<br><br>    Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Docket No. 58 |

Currently pending before the Court are motions for leave to amend that have been filed in two wage-and-hour cases that have been related: (1) *Jones v. CertifiedSafety, Inc.*, No. C-17-2229 EMC, and (2) *Ross v. CertifiedSafety, Inc.*, No. C-18-4379 EMC.[1] In both *Jones* and *Ross*, the plaintiffs are represented by the same law firm. In both *Jones* and *Ross*, the plaintiffs allege that CertifiedSafety, Inc. ("CS") hired them as safety attendants and that CS then sent them out to its

---

[1] Technically, there is a third related case – *Crummie v. CertifiedSafety, Inc.*, No. C-17-3892 EMC – but that case was consolidated with *Jones* in May 2018 (by Judge Seeborg). Thus, for all practical purposes, the Court need only concern itself with *Jones* and *Ross*.

clients – oil refineries – to provide safety-related services. In both *Jones* and *Ross*, the plaintiffs allege that CS violated federal and state law by, *inter alia*, failing to pay them for pre-shift and post-shift time (*e.g.*, time spent on donning and taking off protective gear, training, getting to and from the job location, etc.), failing to provide compliant meal breaks, failing to reimburse for business expenses, and so forth.[2]

There are some differences, however, between the two cases. For example:

- In *Jones*, CS is the only defendant. In *Ross*, there are two defendants: (1) CS and (2) Chevron, one of CS's oil refinery clients. The theory in *Ross* is that CS and Chevron jointly employed the plaintiff.
- In *Jones*, the plaintiffs are bringing claims pursuant to federal law, California law, and Washington law. In *Ross*, the plaintiff is bringing claims pursuant to federal and California law only.

In the pending motions to amend, both the *Jones* and *Ross* plaintiffs seek to dramatically expand the cases. For example:

- In *Jones*, the proposed amendment includes adding new plaintiffs; adding claims based on Illinois, Minnesota, and Alaska law; and adding 16 new defendants (including Chevron).
- In *Ross*, the proposed amendment includes adding new plaintiffs (one person overlaps with the proposed plaintiffs in *Jones*); adding claims based on Washington and Ohio law (Washington law overlaps with *Jones*); and adding 10 new defendants (some of which overlap with the proposed defendants in *Jones*).

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part both of the motions for leave to amend.

---

[2] The *Ross* lawsuit was initiated based on an order issued by Judge Seeborg in *Jones*. That is, the *Ross* lawsuit was filed after Judge Seeborg granted CS's motion to strike with respect to consent forms that were submitted after the date of mediation. Marcellous Ross's consent form was one of the forms that was stricken.

2

# I. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 15 governs amendments. "[A] court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that a district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Not all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). *See, e.g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating that "delay, by itself, is insufficient to justify denial of leave to amend"). "Prejudice is the 'touchstone of the inquiry under rule 15(a).' Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

B. Motion for Leave to Amend in *Ross*

In the motion for leave to amend in *Ross*, Mr. Ross asks for leave to file a first amended complaint ("FAC") which would accomplish the following:

- add 2 new plaintiffs, *i.e.*, Michael East and Sandra Turner (Mr. East is one of the proposed new plaintiffs in *Jones*);
- add claims based on Washington and Ohio law (Washington law overlaps with *Jones*); and
- add 10 new defendants (as joint employers with CS):
    - Shell (technically, 2 entities);
    - Tesoro (technically, 2 entities);
    - Phillips 66;
    - United Refining;
    - Marathon (technically, 2 entities);

3

- o LyondellBasell Chemical Company; and
- o Equistar Chemicals, LP.

Both defendants named in the original complaint – *i.e.*, Chevron and CS – have filed oppositions to the motion for leave to file a FAC.

   1.   Chevron's Opposition

In its opposition, Chevron begins by noting that, although Mr. Ross initially sued both CS and Chevron, he now admits that he never worked at a Chevron oil refinery and, therefore, he lacks standing to Chevron. Chevron maintains that, because Mr. Ross lacks standing to sue Chevron, he cannot ask for leave to amend to add in a new plaintiff (Mr. East) who did work at a Chevron oil refinery. Chevron emphasizes that there is a difference

> between cases where the named plaintiff *becomes* an unsuitable class representative during the litigation and cases where the plaintiff "never had standing" to begin with, because he was never a member of the class he seeks to represent. In the first situation – which arises when the named plaintiff's personal claims become moot for some reason – courts may permit substituting a proper class representative to allow the suit to proceed. In the latter, however – which is the situation here – they may not.

*Ross* Chevron Opp'n at 4 (emphasis in original).

In support of its position, Chevron largely relies on *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003). In *Lierboe*, the plaintiff filed a class action against State Farm, "seeking payments for insureds whose claims State Farm had limited by refusing to 'stack' more than one policy." *Id.* at 1020. The district court certified a class, and State Farm appealed. The Ninth Circuit stayed the appeal while the Montana Supreme Court considered the threshold question of whether the plaintiff did in fact have a stacking claim under her policies. The Montana Supreme Court held that the plaintiff did not, and the Ninth Circuit thereafter asked the parties to address whether, in light of this decision, it needed to address the issue of class certification. *See id.* at 1021. The Ninth Circuit ultimately held that it was "premature to assess the prerequisites of Rule 23(a) or the standards for compliance under Rule 23(b)(3), which were briefed on appeal. The issues of predominance, superiority, typicality, and other challenges to Lierboe's class representation need not be considered if she is not in the

4

subject class." *Id.* at 1022. "'[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue.'" *Id.*

The Ninth Circuit then turned to the issue relevant to the instant case – *i.e.*, "whether the suit must be dismissed without more, or if other proceedings may follow under which it may be possible that the suit can proceed as a class action *with another representative* subject to the district court's assessment whether a substitute representative is adequate for Rule 23 class purposes." *Id.* at 1023 (emphasis added). The court stated that it was "mindful of judicial economy considerations," but, "*because this is not a mootness case in which substitution or intervention might have been possible*, we remand this case to the district court with instructions to dismiss." *Id.* (emphasis added). "[W]here the sole named plaintiff '*never had standing'* to challenge . . . and where 'she *never was a member of the class* she was named to represent,' the case must be remanded with instructions to dismiss." *Id.* (emphasis added).

*Lierboe* appears to be good law. *See Moreno v. Autozone, Inc.*, 410 Fed. App'x 24, 25 (9th Cir. 2010); *Stanford v. Home Depot USA, Inc.*, 358 Fed. App'x 816, 819 (9th Cir. 2009). Nevertheless, the situation in the instant case is not exactly the same as that in *Lierboe*. In *Lierboe*, the plaintiff did not have standing as to the one and only defendant. In contrast, here, even if Mr. Ross does not have standing as to Chevron, he does have standing as to CS; thus, he could have asked for leave to add Mr. East as another named plaintiff as to CS only, and then Mr. East could have asked for leave to add a claim against Chevron, as to whom he (unlike Mr. Ross) does have standing. Thus, at the end of the day, Mr. Ross could accomplish what he desires, *i.e.*, adding a named plaintiff to the case who can pursue claims against Chevron. Given this situation, the Court is reluctant to deny amendment.

Of course, Chevron fairly points out that, under the above scenario described by the Court, Mr. East could be brought into the case, but his claims against Chevron should not be able to obtain the benefit of relation back for statute-of-limitations purposes. *See* Fed. R. Civ. P. 15(c) (addressing when an amendment to a pleading relates back to the date of the original pleading). The Court agrees. Mr. Ross never could have brought claims against Chevron; thus, Mr. East cannot claim relation back. The limitations period for Mr. East's claims shall be tied to the date

5

that the amended pleading is filed, not the date of the original complaint. Furthermore, in allowing Mr. Ross to amend, the Court does not make any ruling as to whether or not Mr. Ross's claims against Chevron were frivolously brought, *e.g.*, for purposes of Federal Rule of Civil Procedure 11. Because the Court is not permitting relation back and preserving Chevron's rights to pursue sanctions against Mr. Ross, adding Mr. East to the case does not create any unfair prejudice to Chevron.

### 2. CS's Opposition

Like Chevron, CS also opposes Mr. Ross's motion to amend but its opposition is primarily based on Mr. Ross's request to add 10 new defendants to the case. Of course, if the Court were to permit the addition of the 10 new defendants, that would serve as the basis for the other amendments sought by Mr. Ross – *i.e.*, adding claims based on Washington and Ohio law and adding 2 new plaintiffs (Ms. Turner and Mr. East). Ms. Turner worked for Shell, Tesoro, and Marathon and that Mr. East worked for Phillips 66). Therefore, for purposes of the CS opposition to the motion to amend, the Court may focus simply on the proposed addition of 10 new defendants.

In its opposition to the motion to amend, CS makes some arguments based on undue delay; however, its main arguments are really based on futility/prejudice – or more specifically, on improper joinder. Federal Rules of Civil Procedure 19 and 20 govern joinder of parties (as opposed to joinder of claims). Rule 19 addresses required joinder, and Rule 20 permissive joinder. There is no dispute that only permissive joinder is at issue in the case at bar.

Rule 20(a)(2) focuses on joinder of defendants specifically. It provides as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The Ninth Circuit has noted that Rule 20 "is to be construed liberally in order to promote

trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 524 (1966) (stating that, "[u]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"). That being said, a "court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652.

The critical question in the instant case is whether the claims against the 10 new defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences" already at issue in *Ross*. Fed. R. Civ. P. 20(a)(2). The Ninth Circuit has indicated that the requirement of "same transaction, occurrence, or series of transactions or occurrences" refers to the similarity in the factual background between the original claims and the new claims. *Cf. Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (in addressing Rule 20(a)(1), which addresses joinder of plaintiffs rather than defendants, stating that "the 'same transaction' requirement[] refers to similarity in the factual background of a claim").[3] "Instead of developing one generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach." Wright & Miller, Fed. Prac. & Proc. § 1653.

That being said, the Ninth Circuit has suggested that a plaintiff cannot claim a similarity in factual background simply by casting the factual background at a high level of generality. *See, e.g.*, *Coughlin,* 130 F.3d at 1350 (stating that "the existence of a common allegation of delay, in and of itself, does not suffice to create a common transaction or occurrence"; facts underlying alleged delay need to be considered).

In addition, courts have indicated that the requirement of a same transaction "'may comprehend a series of occurrences, depending not so much upon the immediateness of their

---

[3] Rule 20(a)(1), like Rule 20(a)(2), uses the language "same transaction, occurrence, or series of occurrences."

7

connection as upon their logical relationship.'" *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (looking to Federal Rule of Civil Procedure 13, which governs counterclaims, to understand what is meant by "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20); *see also* Wright & Miller, Fed. Prac. & Proc. § 1653 (also looking to Rule 13 for guidance; noting that "[t]he logical relationship test employed under Rule 13(a) seems consistent with the philosophy underlying the passage in Rule 20 that allow joinder of parties whenever the claims arise out of 'the same series of transactions or occurrences'"). Thus, "all reasonably related claims for relief . . . against different parties [may] be tried in a single proceeding. Absolute identity of events is unnecessary." *Mosley*, 497 F.2d at 1333.

In its papers, CS does not really suggest that it would improper for Mr. Ross to join CS and one of its oil refinery clients (*e.g.*, Chevron) in one case. Rather, CS's objection seems to be to Mr. Ross's decision to bring in more than one of its oil refinery clients when those clients have no relationship with one another. *Cf. Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012) (stating that plaintiff "'cannot join defendants who *simply engaged in similar types of behavior*, but who are otherwise unrelated [and that] some allegation of concerted action between defendants is required'"; *i.e.*, "'[c]ourts have not joined totally independent actors, without any allegation of concert or conspiracy'") (emphasis omitted and added); *see also In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) (stating that "[c]laims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts"); Moore's Fed. Prac. – Civ. § 20.05[3] (noting that, in DirecTV and BitTorrent cases, in which a plaintiff sued multiple defendants, courts largely found joinder improper under Rule 20(a)(2) because the claims against the defendants were not transactionally related – "the claims against each defendant are *parallel,* [but] they do not share the same facts") (emphasis added).

CS's position has merit. Mr. Ross claims factual similarity based solely on a 30(b)(6) deposition of CS that was taken in the *Jones* case, where the sole defendant at the time was CS.

8

Apparently, deponent testified generally about refineries, *see, e.g.*, Leimbach Decl. ¶ 4 (stating that the deponent "explained that Refineries controlled multiple aspects of Safety Attendants and Safety Foremen's work, including their reimbursements, training, timekeeping, rate of pay, schedules, shifts, hours worked, and safety protocols"), and Mr. Ross makes similar generalities about the refineries in his proposed amendment, but generalities about refineries are not a substitute for specifics as to factual similarity among the identified refineries. *Cf. Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 559 (S.D.N.Y. 2013) (stating that "plaintiffs have failed to plead facts sufficient to support a finding that plaintiffs' claims against these three defendants are 'so logically connected' to dictate that they be resolved together"; adding that "'[t]he plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20'"). Mr. Ross does not offer specifics as to factual similarity on the joint employer analysis – *e.g.*, assuming that joint employer status turns on the level of control exercised, that the facts on control are largely the same from one refinery to another. *See also* Castle Decl. ¶¶ 7-8 (testifying that contracts negotiated between CS and refineries are different; contractual terms include "the nature and scope of the work to be performed by safety personnel . . . ; pricing and payment requirements; . . . health, safety, and security requirements [etc.]").

Nor does Mr. Ross offer specifics as to factual similarity on the alleged wage wage-and-hour violations – *i.e.*, that all of the identified refineries conducted themselves in largely the same way with respect to safety personnel. This is not to say that Mr. Ross would not be able to plead or prove *any* factual similarity amongst the various refineries. But for joinder, there must be enough factual similarity such that there would be "overlapping of proof and the duplication of testimony, thereby causing delay, inconvenience and added expense to the court and parties involved," in the absence of joinder. *United States ex rel. Saunders Concrete Co. v. Tri-State Design Constr. Co.*, 899 F. Supp. 916, 918 (N.D.N.Y. 1995); *see also* Wright & Miller, Fed. Prac. & Proc. § 1653 (noting that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court"). Mr. Ross has not met his

9

burden of showing that that threshold has been met here. *Cf.* Moore's Fed. Prac. – Civ. § 20.05[3] (with respect to DirecTV and BitTorrent cases where the plaintiff sued multiple unrelated defendants, noting that courts generally found that, even though "the claims against each defendant are *parallel*, they do not share the same facts") (emphasis added). In short, whether there is a viable claim of joint employment against CS and a particular refinery and the contours of substantive liability as to each refinery may turn on individualized facts peculiar to each refinery and its relationship with CS. The cases against each refinery are not demonstrably identical enough to warrant joinder.

While the above in and of itself counsels against the proposed amendment, the Court also notes that other considerations also weigh against it. *Cf.* Fed. R. Civ. P. 42(b) (providing that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims"). In particular, the proposed amendment introduces legal dissimilarities by adding in Washington and Ohio law to the mix. Furthermore, there may be grounds for one or more of the proposed new defendants to challenge this Court's jurisdictional authority over them. *See, e.g.*, Prop. FAC ¶ 25 (alleging that Phillips operates oil refineries in Louisiana and Oklahoma); Prop. FAC ¶ 27 (alleging that Marathon operates oil refineries in Ohio); Prop. FAC ¶ 29 (alleging that Lyondell operates oil refineries in Texas); Prop. FAC ¶ 30 (alleging that Equistar operates oil refineries in Texas).

3. <u>Summary</u>

For the foregoing reasons, the Court grants in part and denies in part Mr. Ross's motion for leave to amend. Mr. Ross has leave to add Mr. East as another named plaintiff, although his claims against Chevron are not subject to relation back. Mr. Ross is not permitted to add any new defendants to the case. **Mr. Ross shall file his FAC within two weeks of the date of this order.**

C. <u>Motion for Leave to Amend in *Jones*</u>

In the motion for leave to amend in *Jones*, the plaintiffs ask for leave to file a third amended complaint ("TAC") which would accomplish the following:

- incorporate *Crummie* into *Jones* (consistent with Judge Seeborg's order

consolidating the two cases), which would include the addition of Tierre Crummie as a plaintiff[4];

- clarify that the class covers only those current or former employees with the title "Safety Attendant" or "Safety Foreman";
- add 2 new plaintiffs, *i.e.*, George Azevedo, Jr. and Mr. East;
- add claims based on Illinois, Minnesota, and Alaska law; and
- add 16 new defendants (as joint employers along with CS):
    - Shell (technically 2 entities);
    - Tesoro (technically, 3 entities);
    - Phillips;
    - Chevron (technically, 2 entities);
    - CITGO;
    - United Refining;
    - Marathon (technically 2 entities);
    - Western Refining;
    - St. Paul Park Refining; and
    - Northern Tier (technically, 2 entities).

As above, CS (at present the only named defendant) opposes the motion to amend in *Jones*. In its opposition CS makes some arguments of undue delay – *e.g.*, asserting that Mr. Jones learned about the alleged joint employment by CS and its clients during a deposition in January 2018 but did not add new defendants when he amended his complaint in February 2018 and instead waited until May 2018 to seek leave to amend to add new defendants. But, similar to above, the critical issue is prejudice/futility – or more specifically, improper joinder.

The analysis above in *Ross* is equally applicable here. Accordingly, the Court denies Plaintiffs' motion for leave to amend to add the 16 new defendants to the case and to make any

---

[4] Since Judge Seeborg granted CS's motion to consolidate, no consolidated amended complaint has been filed. This is because Judge Seeborg directed the plaintiffs in *Jones* and *Crummie* to first work out who would be lead plaintiff and lead counsel.

11

other additions related thereto, except that Plaintiffs may add Chevron as a defendant and make any related amendments. Consistent with *Ross*, there is relation back with respect to the claims against Chevron only if an original named plaintiff had standing against Chevron. To the extent Plaintiffs have additional smaller scale amendments – *e.g.*, incorporating *Crummie* into *Jones* (consistent with Judge Seeborg's order consolidating the two cases), which would include the addition of Tierre Crummie as a plaintiff, or clarifying that the class covers those current or former employees with the title "Safety Attendant" or "Safety Foreman" – those amendments are permitted. There is no indication that such amendments would be unfairly prejudicial. **Plaintiffs shall file their TAC within two weeks of the date of this order.**

## II. CONCLUSION

For the foregoing reasons, both motions for leave to amend are granted in part and denied in part.

This order disposes of Docket No. 164 in C-17-2229, and Docket No. 58 in C-18-4379.

**IT IS SO ORDERED**.

Dated: February 20, 2019

_____
EDWARD M. CHEN
United States District Judge